*1163 OPINION.
Murdock :
Each of the petitioners in these proceedings is a life beneficiary and a legatee under the will of John F. Riker, deceased. By the terms of the will and by reason of the fact that the testator’s wife had predeceased him, each petitioner was entitled to receive outright ¾06 of the residuary estate and was also a life beneficiary of *1164 Kb or ¾05 thereof. Each petitioner alleges that the Commissioner erred in increasing his taxable income for the year 1923 by disallowing a claimed deduction of y7 or %s of the amount by which the loss sustained upon the sale during the year of certain stock which was a part of the estate, exceeded the gain realized from the sale of other securities of the estate.
Section 219 of the Revenue Act of 1921 provides that the individual normal tax and surtax imposed by the Act shall apply to the income of estates or of any kind of property held in trust, including inter alia:
(1) Income received by estates of deceased persons during the period of administration or settlement of the estate.
and,
(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, * * *
The fiduciary is held responsible for making a return of income for the estate or trust for which he acts. In the case of an estate during the period of administration or settlement he is permitted to deduct from its taxable income, the amount of any income properly paid or credited to any legatee, heir, or other beneficiary. In computing the net income of the estate or trust the fiduciary may also deduct that part of its income of the class described in paragraph (4) above which, pursuant to the instrument or order governing the distribution, is distributable during its taxable year to the beneficiaries, and in such case it is provided that there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable during the taxable year to such beneficiary.
Section 214 of the Act allows the individual to deduct in computing net income losses sustained during the taxable year and not compensated for by insurance or otherwise if incurred in trade or business, and losses sustained during the taxable year and not compensated for by insurance or otherwise if incurred in any transaction entered into for profit ■ though not connected with the trade or business.
In a number of cases arising under the Revenue Acts of 1918 and 1921 involving the taxable income of beneficiaries of trusts the Board and the courts have held that capital losses suffered by the trust are not allowable deductions from the income payable to the beneficiaries by the terms of the instrument or order creating the trust, and we need not further discuss that question here. See Arthur H. Fleming et al., 6 B. T. A. 900, and cases cited therein; O. Ben Haley, 6 B. T. A. 782; George D. Widener, 8 B. T. A. 651; Virginia I. Stern, *1165 7 B. T. A. 853; Baltzell v. Mitchell, 3 Fed. (2d) 528; Abell v. Tait, 30 Fed. (2d) 54. In the case of Marion Shainwald Sevier, 14 B. T. A. 709, it was held that capital losses of an estate during the period of administration were not allowable deductions to a legatee or beneficiary thereof.
The petitioners seek to distinguish their situation from the Widener case and similar cases on the ground that the terms of the will of John L. Biker were not strictly carried out but were modified by consent of the beneficiaries in such a manner that capital losses should be permitted to be deducted from income otherwise taxable to them. To sustain this contention they point particularly to that portion of the agreed statement of facts which reads as follows:
By practice losses have been applied in the computation of income to the portion of income specified by the will to be paid to these petitioners and Martha R. Proctor, by the trustee, while income realized by way of capital gains has been added to the portion intended to be paid outright to the beneficiaries but which in fact has been held by the trustee.
This statement is vague and ambiguous. When it is read in connection with other portions of the stipulation our uncertainty as to the true situation and as to the method by which the residuary estate was being administered during the taxable year and prior years is increased. From the statement that “by practice losses have been applied in the computation of income,” we do not know whose computation is indicated or how, why, or by whom such losses have been applied, nor does the phrase necessarily indicate that there has been any fixed method of operation or administration of the estate by agreement of the petitioners, as contended in their brief. Another reason why this statement is ambiguous is that while we can understand how capital losses of the entire estate could be deducted from the income of each of the beneficiaries as is here attempted to be done, we are at a loss to understand how any capital gains could be added as the stipulation recites “ to the portion intended to be paid outright to the beneficiaries but which in fact has been held by the trust,” when, as the stipulation further recites, “no separate trust accounts had been set up on the books and records of the estate.” In addition to these ambiguities the record is silent as to certain matters which if shown might clarify the situation. We are not told whether or not the debts and expenses have been paid and we do not know when or under what circumstances the executors to whom letters were issued ceased to act as such or in what manner the residuary estate came into the hands of Samuel Biker, Jr., as trustee. The stipulation states that the securities were sold by the “ estate of John L. Biker ” but it also shows that the whole of the residuary estate was held by a trustee. Also none of the returns of the petitioners for the taxable year are *1166 before us and we do not know how much income was returned by any of them nor how much was paid to them.
Having in mind the decisions referred to, holding that neither the beneficiary of a trust nor the beneficiary of an estate in process of administration can deduct capital losses suffered by the estate or trust, we are unable to find, from a careful study of the record in these cases, facts which convince us that the petitioners are entitled to deduct any part of the net losses suffered on the sale of the estate securities. The action of the respondent in this respect must be sustained.
The only remaining question is whether or not each of the petitioners can deduct from his income a proportionate share of $1,759.66, the amount of real estate taxes paid by the estate for a corporation of which the estate was a stockholder, when such corporation had no income but held title to certain real estate. Section 214 (a) (3) of the Revenue Act of 1921 permits a taxpayer to deduct from gross income certain taxes, but the taxes deductible are those imposed upon and paid by the taxpayer. See A. Eisenberg, 11 B. T. A. 574; Farmers & Traders Bank, 4 B. T. A. 753. Since it has not been shown that the taxes paid by the estate were imposed upon such estate, but from the stipulation it appears that such taxes were real estate taxes imposed upon the corporation itself, this would not be an allowable deduction to the estate itself. Certainly it can not be allowed to the petitioners.

Judgment will be entered wnder Bule 50.