WILLIAM AINSLIE COLSTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31532. Promulgated November 20, 1930.

*George E. H. Goodner, Esq.*, and *Josephus C. Trimble, Esq.*, for the petitioner..

*John D. Kiley, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: The respondent determined deficiencies in petitioner's individual income tax of $3,344.14 for 1924 and $349.28 for 1925, brought about by the disallowance by respondent of deductions taken by petitioner of (1) a loss alleged to have been sustained in 1924 in a short sale of stock to petitioner's wife, (2) taxes alleged to have been paid in 1925 on real estate of petitioner's wife, and (3) interest on an alleged loan on an insurance policy and on mortgages on the aforesaid real estate.

The petitioner is vice president and general counsel of the New York, Chicago & St. Louis Railroad Co. He and his wife were married December 1, 1923, and filed separate returns, exercising the election provided by Revenue Act of 1924, section 223(b). The petitioner's separate returns for the years in question are in evidence. The wife's returns are not in evidence, nor is she a party to this proceeding.

1. In his separate return for 1924 petitioner deducted an item of $20,000, which he described in Schedule C as follows:

|  | Sold | Received | Cost | Loss |
| --- | --- | --- | --- | --- |
| N. K. P. com. 500 shares | Apr. 1, 1921 | $36,500 | $56,500 | $20,000 |

State how property was acquired— *Short sale.*

The Commissioner, after audit of the petitioner's return and consideration of his description of the alleged loss, disallowed the de-

duction, determined a deficiency, and the case is here upon the taxpayer's petition. The evidence of the circumstances consists entirely of petitioner's oral testimony.

He says that he and his wife contracted with each other as they were permitted to do by Ohio law (Ohio Gen. Code, secs. 7997, 7998, 7999); that he made a short sale to her of 500 shares of Nickel Plate common at 83, which subsequently closed at 123; that he settled with her for the difference by crediting her with the amount of $20,000 on their accounts, and that thus he established a deductible loss under Revenue Act of 1924, section 214(a)(5). The whole arrangement is described as growing out of the petitioner's inadvertent failure in April, 1924, to carry out his wife's instructions to order a broker to buy the shares at 83 after he had ineffectively ordered the purchase at 82½. His wife's disappointment a week or ten days later, when he told her he had omitted to order the purchase at 83, led him to tell her he would sell the shares to her at 83. What the market was then is not stated. He did not own the shares, made no effort to purchase them, his wife made no demand or payment for them, and it does not appear that it was seriously contemplated that a delivery by him or payment by her should be made. In " November or December," 1924, when the stock was quoted at 123, he says he offered to deliver the stock or to pay her the difference between the alleged price of 83 and the then market price of 123. He then made the debit and credit on their accounts.

There is a discrepancy in the evidence which throws into doubt this testimony of the alleged transaction. Against his oral testimony that he had first ordered a purchase of 500 shares at 82½, later offered to sell to his wife at 83, and finally settled at 123, which was the market quotation, is his return filed May 15, 1925, in which he showed the sale price to be $36,500, which would be 73 a share, and the cost to be $56,500, which would be 113.

This evidence in our opinion lacks force to establish either a sale or other transaction entered into by petitioner for profit or a loss sustained. The wife neither gave nor promised anything and consideration is wholly lacking. There are no circumstances to impel the belief of a legal transaction, see *Irwin* v. *Williar*, 110 U. S. 499; *Kahn* v. *Walton*, 20 N. E. 203, to accomplish what could and ordinarily would be achieved between husband and wife without the ceremonies of law. If this were between two strangers, it might be supposed that only by a legal obligation would one give the other a credit for $20,000; but between husband and wife married within the year, the mind is not forced to find such an obligation in order to explain it. It is more reasonable to suppose a generous disposition, and the

evidence does not prove a contractual obligation. Cf. *P. B. Fouke*, 2 B. T. A. 219; *Albert W. Finlay*, 17 B. T. A. 828; *Edwin J. Marshall*, 19 B. T. A. 1260; *W. M. Buchanan*, 20 B. T. A. 210.

Furthermore, if we could find a transaction such as the statutory provision contemplates, it would still be necessary for petitioner to prove a loss. His method of accounting, if any, is not described in the evidence, but looking at his return, we gather that he computed his income on a basis of cash receipts and disbursements, cf. *Continental Life Insurance Co.*, 5 B. T. A. 407; *John A. Brander*, 3 B. T. A. 231, and the evidence only shows that sometime in November or December, 1924, he made a " note in the accounts " debiting himself and crediting his wife with $20,000. There was no payment, and on a basis of actual disbursements he would sustain no loss until there was. *Osterloh* v. *Lucas*, 37 Fed. (2d) 277; affirming 13 B. T. A. 713.

The respondent's disallowance of the loss was correct.

2. The petitioner paid real estate taxes in 1925 on a lot owned by him, and the deduction of this amount was claimed on his separate return and allowed. He also paid $776.85 representing taxes on the home of petitioner and his wife which he had given to her at the time of their marriage, title to which stood in her name and which she in fact owned. There is no doubt that if a joint return had been filed the payment of these taxes would have been a deduction on such joint return. But, as separate returns were filed and the taxes were upon property of the wife, they are deductible only when and if paid by her and not by him. *Porter* v. *United States*, 27 Fed. (2d) 882; *Charles F. Dean*, 1 B. T. A. 27; *Bank of Commerce*, 3 B. T. A. 950; *A. Eisenberg*, 11 B. T. A. 574; *Fidelity Trust Co.*, 13 B. T. A. 109.

3. The property owned by the wife was mortgaged, and petitioner in 1925 paid $1,370.33 and $501.66, representing the amounts of interest on the first and second mortgages, and deducted these amounts on his separate return as interest paid. This was properly disallowed because he was not paying interest on his obligations, but voluntarily discharging an obligation of another. *A. Backus, Jr., & Sons*, 6 B. T. A. 590; *Continental Trust Co.*, 7 B. T. A. 539, 552; *P. P. Griffin*, 7 B. T. A. 1094; *F. A. Smith*, 11 B. T. A. 301; *Hal E. Roach*, 20 B. T. A. 919.

4. Petitioner in 1925 paid an amount of $108 said to be interest on a loan on an insurance policy. This was deducted and the deduction disallowed. With no more evidence than this, it can not be held that the deduction was proper.

*Judgment will be entered for the respondent.*