CHARLES R. HOLDEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 55486, 62198. Promulgated January 9, 1933.

*Julius F. Smietanka, Esq.,* and *Willis D. Nance, Esq.,* for the petitioner.

*B. M. Coon, Esq.,* and *F. S. Gettle, Esq.,* for the respondent.

534

OPINION.

TRAMMELL: The sole issue in this case is whether the petitioner is entitled to deduct from his gross income for the taxable years certain amounts paid by him during said years on account of interest and taxes accruing on the cooperative apartment building in which the petitioner had leased a residential apartment under the terms of the lease contract referred to in our findings of fact hereinabove.

The facts were stipulated by the parties, and the issue of law presented may be resolved into the question of whether or not the payments made by the petitioner were so made on account of his liability for interest and taxes as such. This question in turn depends upon the ownership of the apartment building, since the interest accrued and the taxes were levied upon the building and real estate.

There can be no doubt that interest and taxes of the kind here involved, when liability is incurred and they are in fact paid as such by the taxpayer in the taxable year, constitute allowable deductions from gross income. Sec. 23 (b) and (c), Revenue Act of 1928. However, where a taxpayer pays the interest and taxes of his creditor, or makes such payments in behalf of another person, either individual or corporate, they do not represent interest and tax obligations of the taxpayer and are not deductible as such by him.

In paragraph 4 of the stipulation of the parties, above set out, it is stated that the " title to the land and building " here involved " is in the 1320 North State Street Building Corporation, an Illinois corporation," and in paragraph 5 of the same stipulation it is stated that " during the years 1928 and 1929 the petitioner owned and maintained his co-operative apartment under the terms of a certain proprietary lease between himself and 1320 North State Street Building Corporation." These are conflicting and contradictory stipulations, since the petitioner could not have " owned and maintained " his cooperative apartment if the title to the land and building was in the corporation; and the designation of the lease contract as a " proprietary lease " is a contradiction in terms, because a proprietor or owner can not at the same time be a lessee of his own property.

However, disregarding these apparent conflicts in the stipulation, we think it is clear that under the lease contract the petitioner was in no sense the proprietor or owner of the apartment which he had leased. The apartment was leased to him by the owner, the building

corporation, for a period of 100 years from 1925, or until the year 2025, in consideration, among other things, of the payment by the petitioner to the corporation of certain monthly payments as rental, and other payments stated not to be rent, and also additional capital contributions, to all of which further reference will be made. Furthermore, the lease of the apartment to the petitioner was expressly conditioned upon the right of the building corporation, the owner, to sell the entire building and premises at any time, in which event the lease contract provides, in paragraph 1 (a) of Title IV, that " this lease and all the right, title and interest of the Lessee hereunder shall terminate at the expiration of ninety (90) days from and after written notice thereof."

The petitioner, in consideration of the demise and lease of said apartment, agreed to pay, specifically as rental, the sum of one dollar per year, and, specifically as additional rental, his proportionate part of the cost of maintenance and operation of the building upon the basis of his stock ownership in the corporation.

The lease contract, in paragraph 2 of Title I, provides that " In further consideration of said demise the Lessee covenants and agrees to pay to the Lessor or for its account (but not as rent), the following:". There is then set out in subparagraph (a) of said paragraph a detailed description of the interest and taxes which the petitioner agreed to pay and which are the subject matter of the controversy herein.

The petitioner in his brief lays stress upon the fact that it is provided in the lease contract that the interest and taxes were not payments of additional rent. But we think no argument or citation of authority is necessary to support the elemental proposition that, if the circumstances of the case establish that the payments of interest and taxes were made as part of the consideration for the lease of the apartment, then they constituted additional rent, and such fact is not changed and can not be disregarded because of a contrary statement contained in the lease contract between the petitioner and his lessor. However, notwithstanding said statement in the lease contract, we think a fair construction of the provisions of that contract clearly indicates that the interest and taxes paid by the petitioner constituted nothing more nor less than additional rental. The very language used in the paragraph above quoted describes the payments as " in further consideration of said demise," that is to say, as further consideration for the lease of the apartment, which is the equivalent of additional rental. The only items of rental or consideration for the demise theretofore stated in the contract consists of the cash rental of one dollar per year and the petitioner's proportionate part of the operating expenses. Subdivision (b) of

paragraph 2 of the lease contract provides for the payment by the petitioner of his proportionate part of the principal amount of the funded indebtedness of the lessor, special assessments for local improvements, and the cost of improvements to the building, all of which it is provided should constitute additional capital paid to the lessor by the lessee as a stockholder. Thus it would appear that the interest and taxes in question were not intended by the parties as additional capital contributions.

If we should be in error in viewing these payments of interest and taxes as additional rental under our construction of the lease contract, they would nevertheless not constitute allowable deductions from the petitioner's gross income, for the reason that interest and taxes were the direct obligations of the building corporation which owned the apartment house, and were merely paid by the petitioner for and in its behalf. The petitioner does not contend and has not attempted to show that the payments are deductible as a business expense, or otherwise than as interest and taxes. In the circumstances disclosed, the payments are not allowable deductions from the gross income of the petitioner. *Caroline T. Kissel*, 15 B. T. A. 1270, 1274; *William Ainslee Colston*, 21 B. T. A. 396, 399; affd., 59 Fed. (2d) 867; certiorari denied, 287 U. S. 640.

*Judgments will be entered for the respondent.*