WOOD et al. v. RASQUIN, Collector of Internal Revenue.

No. 6929.

District Court, E. D. New York.

Oct. 22, 1937.

212

Wood, Cooke & Seitz, of New York City (Elliott W. Smith, of New York City, of counsel), for complainants.

Leo J. Hickey, U. S. Atty., of New York City (James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and Donald J. Marran, Sp. Assts. to Atty. Gen., of counsel), for defendant.

CAMPBELL, District Judge.

This is an action to recover the sum of $1,950.26 deficiency assessment of $1,797.20 federal income tax for the year 1933, with interest of $153.06.

The complainants occupy the ninth floor of the Co-operative apartment building, title to which is in the 136 E. 79th Street Corporation, a corporation organized under the laws of the state of New York and authorized by its charter to hold, operate, manage, sell, exchange, and lease the several parts and apartments in any building thereon and in any replacement thereof or addition thereto. It is not the purpose of the corporation to make profits, but to provide and lease homes to its stockholders, in the building owned by it. The authorized capital of the corporation is $975,000, which consists of 9,750 shares of stock of a par value of $100 per share. The corporation owns the land and the building thereon, and it leased apartments to its stockholders for a term of 99 years and to all "Renters of Apartments" it gave what it termed to be a "proprietory lease," and in addition thereto shares of stock as consideration for the cash paid by the stockholders for each lease. The stockholders, in return, paid to the corporation each year the proportionate amount of expenses, taxes, maintenance, interest, and other overhead expenses, as was represented by the amount of stock which each "proprietory leasee" held in the corporation.

Caryl H. Wood, one of the complainants herein, subscribed for 735 shares of the common stock of the 136 E. 79th Street Corporation, and for a "proprietory lease" of the entire ninth floor of the building, located at 136 East Seventy-Ninth street, New York, and paid therefor the sum of $73,500.

She received 735 shares of the common stock of the corporation and a "proprietory lease" of the entire ninth floor of the said premises running until the 30th day of January, 2027.

By the terms of that lease, she was obligated to pay, in lieu of and as rent, her proportionate share of the aggregate amount of the cash requirements of the leaser for each year, including the year 1933, and including, among other things, taxes and interest on the mortgage covering 136 East Seventy-Ninth street.

During the year 1933, her share of the interest on the mortgage, that was given by the corporation to secure its own indebtedness, was the sum of $3,574.48, and for the same year her share of the taxes, due to the city of New York, by the corporation, amounted to $2,372.30. Also, during the year 1933, she received a refund from the corporation, in the amount of $300.90, which represented an excessive payment for other maintenance and special charges that were assessed by the corporation against her.

In a joint income tax report, filed on or about the 15th day of March, 1934, the complainants took as a deduction, the amount of $3,574.48, which constituted interest paid by the corporation, from funds advanced by the complainants, to pay the complainants' proportionate share of the total interest that the corporation owed on its indebtedness. The return also included as a deduction the sum of $2,372.30, which constituted the complainants' proportionate share of the taxes that the corporation owed the city of New York. The return, as filed, also disclosed that the sum of $300.90, which represented the excessive payment made by the complainants to the corporation, was returned by them as income.

The above three items were disallowed by the Commissioner of Internal Revenue, which resulted in an additional tax of $1,797.20, together with interest in the sum of $153.06, which was paid on August 23, 1935. Complainants caused a claim for refund to be filed on August 23, 1935, which claim was rejected on November 19, 1935.

The question presented in this case is whether the complainant, Caryl H. Wood, is entitled to a deduction for interest and taxes paid of amounts contributed by her to the 136 E. 79th Street Corporation on its obligation for interest and taxes for the year 1933?

The statute involved is the Revenue Act of 1932, ch. 209, 47 Stat. 169, so much of which as is necessary for consideration in this case reads as follows:

"§ 23. Deductions from Gross Income. In computing net income there shall be allowed as deductions: * * *

"(b) Interest. All interest paid or accrued within the taxable year on indebtedness, except (1) on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from the taxes imposed by this title, or (2) on indebtedness incurred or continued in connection with the purchasing or carrying of an annuity.

"(c) Taxes Generally. Taxes paid or accrued within the taxable year, except— * * *

"(3) taxes assessed against local benefits of a kind tending to increase the value of the property assessed; but this paragraph shall not exclude the allowance as a deduction of so much of such taxes as is properly allocable to maintenance or interest charges.

"For the purpose of this subsection, estate, inheritance, legacy, and succession taxes accrue on the due date thereof, except as otherwise provided by the law of the jurisdiction imposing such taxes, and shall be allowed as a deduction only to the estate." Section 23(b), (c) (3), 47 Stat. 179 (26 U.S.C.A. § 23 and note).

■ The statute clearly states, and in order to be entitled to a deduction for taxes paid in any tax year, the tax must accrue or be imposed against the person seeking such deduction, and this is also true as with reference to deductions for interest paid. Merchants Bank Bldg. Co. v. Helvering (C.C.A.) 84 F.(2d) 478, 481.

The indebtedness for the taxes and interest in question was that of the 136 E. 79th Street Corporation, and not the indebtedness of the complainants.

The taxes in question accrued against the building and the property which was owned by the 136 E. 79th Street Corporation, and not the complainants, and that is likewise true of the interest paid on the mortgage debt, which was interest paid on the indebtedness of the 136 E. 79th Street Corporation, and not the indebtedness of the complainants.

The taxes and interest in question were actually paid by the 136 E. 79th Street Corporation and not by the complainants.

The 136 E. 79th Street Corporation filed an income tax return for the year 1933, and has already received the benefit of the deductions for the taxes and interest paid.

A reading of the so-called "proprietory lease," given by the 136 E. 79th Street Corporation, clearly shows that whatever might be the interest of the complainants in the corporation, the corporation not only held the title to the premises in question, but also reserved to itself all the rights reserved by any landlord who was the owner of the land and building.

■ The complainants contend that income tax laws enacted under the Sixteenth Amendment must regard matters of substance, and not mere form, and cites Weiss v. Stearn, 265 U.S. 242, 254, 44 S.Ct. 490, 491, 68 L.Ed. 1001, 33 A.L.R. 520, and this is generally true; but it is also true that questions of taxation must be determined by viewing what was actually done, rather than the declared purpose of the participants; but it does not seem to me that in the case at bar, the placing of the title in the 136 E. 79th Street Corporation was a mere matter of form, but was in reality a matter of substance.

Under the terms of the lease from the corporation to the complainants, the amounts necessary to pay the proportionate share of taxes and interest was made payable to the corporation by the complainants, and not to the city nor the mortgagee.

No one of the leasees could pay taxes and interest other than to the corporation, and failure to make the required payments to the corporation gave it the right to terminate the lease and remove the leasee.

■ I can find no case that supports the complainant's contention, but it seems to me that the decisions of the Board of Tax Appeals and of the court supports the defendant's contention that the amounts paid by the complainants, which represented the proportionate taxes and interest, were not properly deductible by the complainants. Holden v. Commissioner, 27 B.T.A. 530; Riker v. Commissioner, 15 B.T.A. 1160; Colston v. Burnet, 21 B.T.A. 396, affirmed 61 App.D.C. 192, 59 F.(2d) 867,

certiorari denied 287 U.S. 640, 53 S.Ct. 89, 77 L.Ed. 554; Falk Corporation v. Commissioner of Internal Revenue, 23 B.T.A. 883, affirmed (C.C.A.) 60 F.(2d) 204; Small v. Commissioner, 27 B.T.A. 1219; Perry v. Commissioner, 32 B.T.A. 513; Kissel v. Commissioner, 15 B.T.A. 1270.

■ It is true that the decisions of the Board of Tax Appeal are not controlling authority on this court, but a long line of decisions by governmental agencies is entitled to consideration in the construction of the statutes.

The complainants cite section 360 of the Tax Law of the state of New York (Consol.Laws, c. 60) which provides as follows: "13. In the case of any taxpayer who is the owner of shares of stock in a corporation organized and existing exclusively for the purpose of owning and operating a cooperative multiple dwelling no part of the net earnings of which inures or is calculated or intended to inure to the benefit of any stockholder or individual, and all the expenses of which are paid annually by the stockholders in proportion to their ownership, a deduction shall be allowed to such taxpayer as to the share of his payments for all taxes, other than franchise taxes, paid or accrued by such corporation during the taxable year, and all interest paid or accrued by such corporation during the taxable year on its indebtedness."

■ This law, of course, is not binding upon this court, in construing the Federal Revenue Act, but it does seem to me that the fact that in the state of New York it was found necessary to enact such legislation that it might well be assumed that failure of Congress to enact similar legislation showed that they had no such intention.

The complainants are not entitled to a deduction from their 1933 income tax of the proportionate amount paid by Caryl H. Wood to the 136 E. 79th Street Corporation, and in turn paid by it, for taxes and interest in said year.

Judgment may be entered in favor of the defendant, dismissing the complaint, with costs, on the finding of facts and conclusions of law to be made.

Submit proposed findings of fact and conclusions of law in accordance with this opinion for the assistance of the court.