Eugene HOLMES, Margaret Holmes and Mark Holmes, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 91–CV–0737E(M).

United States District Court, W.D. New York.

Nov. 17, 1994.

Mark Holmes, Hamburg, NY, plaintiff pro se and for plaintiffs.

Tamara S. Heckman, and Eugene J. Rossi, Tax Div., U.S. Dept. of Justice, Washington, DC, Stephan J. Baczynski, Asst. U.S. Atty., Buffalo, NY, for defendants.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

Presently before this Court is a renewal of the defendant's motion for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure ("FRCvP") or, in the alternative, for a new trial pursuant to FRCvP 59. For the reasons stated herein below, both reliefs will be denied.

Involved herein are a cooperative apartment in Brooklyn Heights, N.Y. and the tax deductions taken by the above-named plaintiffs—a mother and her son [1]—pursuant to their partnership's shares in the cooperative corporate owner of the building wherein the apartment is located. Before purchasing these shares, the son had rented this apartment with the knowledge that it would eventually "go co-op"—that is, the building wherein it was located would be sold to a cooperative corporation which in turn would sell shares quantitatively corresponding to

---

1. Plaintiff Eugene Holmes, the father and husband, died *post litem motam.*

the right to use particular apartments within the building.[2] A current tenant would expect to be offered such shares at a discounted, or "insider" price and plaintiff Mark Holmes, the son, decided to take advantage of this opportunity. Mark had entered upon his occupancy of the apartment under a lease controlled by New York City's rent stabilization law. When the building did go co-op, he and his parents formed a partnership to secure financing in order to buy the shares at the discounted price. While the partnership's initial costs exceeded its income, the partners understood that such an apartment potentially represented a very profitable investment, a reasonable understanding considering the state of the New York City metropolitan area's real estate market in the 1980s. Mark continued to pay rent on the apartment after the purchase and during the two years in question—1985 and 1986.[3]

For these two years, the plaintiffs' tax returns reflected the partnership's income and losses generated by the apartment. The plaintiffs were subjected to an Internal Revenue Service audit for those years and were disallowed most of the losses on the asserted grounds that the rent charged by the partnership to Mark was not a fair rent and that the partnership itself was not engaged in an activity for profit. The IRS also assessed interest and penalties, asserting that the plaintiffs were negligent in claiming these deductions. The plaintiffs paid the full amount assessed and filed for refunds. On some issues (not pertinent herein) the plaintiffs prevailed and received partial refunds.

Thereafter, they brought this civil suit seeking the return of the remaining amount paid to the IRS because of these assessments. On August 26, 1993 a jury returned a special verdict—comprised of four questions, all of which were answered in the affirmative—in the plaintiffs' favor. The jury unanimously determined that, for each of 1985 and 1986, the partnership was engaged in an activity for profit, and had charged a fair rent. In other words, the plaintiffs prevailed on the trial. Dissatisfied with this result, the IRS now renews said motion.[4]

A motion pursuant to FRCvP 50[5] for judgment as a matter of law should be denied

---

2. 26 U.S.C. § 216(b) defines the following:

"(1) **Cooperative Housing Corporation.**—The term 'cooperative housing corporation' means a corporation—

(A) having one and only one class of stock *outstanding,*

(B) each of the stockholders of which is entitled, solely by reason of his ownership of stock in the corporation, to occupy for dwelling purposes a house, or an apartment in a building, owned or leased by such corporation,

(C) no stockholder of which is entitled (either conditionally or unconditionally) to receive any distribution not out of earnings and profits of the corporation except on a complete or partial liquidation of the corporation, and

(D) 80 percent or more of the gross income of which for the taxable year in which the taxes and interest described in subsection (a) are paid or incurred is derived from tenant-*stockholders.*

"(2) **Tenant–Stockholder.**—The term 'tenant-stockholder' means a person who is a stockholder in a cooperative housing corporation, and whose stock is fully paid-up in an amount not less than an amount shown to the satisfaction of the Secretary as bearing a reasonable relationship to the portion of the value of the corporation's equity in the houses or apartment building and the land on which situated which is attributable to the house or apartment which such individual is entitled to .occupy."

3. It appears that Mark sublet the apartment for seven months in 1986 for $900 per month.

4. The original request for a directed verdict was made at the close of the plaintiffs' case and taken under submission for a later determination in accordance with FRCvP 50(b).

5. Rule 50(b) states, in pertinent part:

"Whenever a motion for a judgment as a matter of law made at the close of all evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Such a motion may be renewed by service and filing not later than 10 days after entry of judgment. A motion for a new trial under Rule 59 may be joined with a renewal of the motion for a judgment as a matter of law, or a new trial may be requested in the alternative. If a verdict was returned, the court may, in disposing of the renewed motion, allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as a matter of law.  * * *"

The present motion, for the most part, renews the defendant's earlier motion which was taken under submission by this Court.

"unless the jury reached a verdict reasonable jurors could not have reached." *Milbank, Tweed, Hadley & McCloy v. Boon*, 13 F.3d 537, 542 (2d Cir.1994). It would be improper for this Court to grant such motion unless there was such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture. *Ibid.* Even a cursory review of the record, however, shows that there is ample evidence for a jury to reasonably conclude that the partnership was in fact engaged in an activity for profit and did charge a fair rent.[6] Thus, the defendant's motion is groundless and accordingly will be denied.

■ The defendant, in support of its motion for judgment as a matter of law, presents an alternative ground which is an issue of first impression. In its simplest form, the issue is whether section 280A of the Internal Revenue Code ("the Code") applies to the shares of a cooperative apartment. Based on its language, its legislative history, the limited scope of 26 U.S.C. § 216 and the case law prior to the enactment of that provision, this Court must conclude that section 280A does not apply to the ownership of shares of a cooperative corporation. Thus, to the extent that the defendant is renewing its earlier

motion, this alternative ground must also fail. Contrary to the predictable assertion of the IRS, Section 280A of the Code does not entitle it to judgment as a matter of law.

Section 280A states in part:

**"Disallowance of certain expenses in connection with business use of home, rental of vacation home, etc.**

**"(a) General Rule.**—Except as otherwise provided in this section, in the case of a taxpayer who is an individual or an S corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence."

The defendant's motion must fail because it does not recognize the unique form of ownership cooperative housing presents—of corporate shares, not of real property.[7] The shares of the cooperative corporation are not "a dwelling unit" and the deductions were not taken for the use of the dwelling unit but for the ownership of the shares. Section 280A(f)(1)(A) defines a dwelling unit as including "a house, apartment, condominium, mobile home, boat, or similar property, and all structures or other property appurtenant to such dwelling unit." [8] It would be illogical

6. The defendant attempts to draw a distinction between market prices for the apartment based on the open market and on the rent-stabilized market, while asserting an overly-formalistic contractual relationship among the partners. The defendant asserts that, because the contract did not state that the apartment would still be subject to rent regulation, the only fair rental rate would be the equivalent of that available on the open market. While rent control has grossly perverted New York City's rental market, there was sufficient evidence for the jury to conclude that the rent charged to the son was a fair rental rate. This is especially so when one considers that the son originally had rented the apartment for about the same rent he paid after the partnership purchased the co-op shares, that via the partnership he effectively conveyed 50% of the benefit of the insider price and potential profit to his parents and that he was unable to sublet the apartment at the rate the defendant believed he himself should have paid.

7. It should also be noted that it is the partnership which was taking the tax deductions in question, not an individual or an S corporation. The plaintiffs vigorously contend that this serves as a basis for denying the defendant's motion. Be-

cause this Court decides this motion on alternative grounds, it need not reach this issue.

8. The IRS also proffers a "proposed" regulation which expands this definition to include cooperative apartments. Regardless of whether this Court is persuaded (it is not) by a regulation that had not yet been adopted (and still has yet to be as of the date of this Memorandum and Order), this Court rejects whatever force such proposed regulation might have as inconsistent with the language of section 280A when read in the context of the historical treatment of cooperative apartments and the enactment of section 216. The regulatory power of the Commissioner of Internal Revenue is not the power to make law, but rather is the power to adopt regulations to carry into effect the will of Congress as expressed by its statutes. "A regulation which does not do this, but operates to create a rule out of harmony with the statute is a mere nullity." *Manhattan Co. v. Commissioner*, 297 U.S. 129, 134, 56 S.Ct. 397, 400, 80 L.Ed. 528 (1936). *See also Fishman v. Commissioner*, 51 T.C. 869, 872, 1969 WL 1563 (1969); *Joseph Weidenhoff, Inc. v. Commissioner*, 32 T.C. 1222, 1959 WL 1096 (1959); *Parker Oil Co. v. Commissioner*, 58 T.C. 985, 1972 WL 2481 (1972); *Morris v. Commissioner*, 70

to conclude that shares in or of a cooperative corporation, even though they correlate to the use of a particular apartment, were "similar property" under the above definition. The defendant claims that the "doctrine of substance over form" requires that the plaintiffs be treated as the owners of the apartment—*i.e.*, that the deductions were taken with respect to a dwelling unit—and not as the owners of the shares allocated to the use of the apartment. There is no citation of authority for such a proposition, and this Court could not locate any. To the contrary, the defendant, as well as the courts, have historically recognized the distinction between the actual ownership of real property as opposed to shares in a corporate owner of real property—often to the disadvantage of the taxpayer. *See, e.g., Wood v. Rasquin,* 21 F.Supp. 211, 213–214 (E.D.N.Y.1937), *aff'd without op.,* 97 F.2d 1023 (2d Cir.1938). *Cf., Stockton v. Lucas,* 482 F.2d 979, 983–985 (Temp.Emer.Ct.App.1973). Such was the congressional motivation underlying the enactment of 26 U.S.C. § 216, the purpose of which was to give certain "tenant-stockholders" of cooperative housing corporations some of the same tax deductions as homeowners.[9] As the plaintiffs point out, however, Congress effected this change discretely. It did not redefine the meaning of real property to include cooperative apartments—an approach that would support the defendant's position herein. Instead, Congress extended certain deductions to certain tenant-stockholders while retaining the distinction between owners of stock and owners of real property. *See* 26 U.S.C. § 216(a); *Eckstein v. United States,* 196 Ct.Cl. 644, 452 F.2d 1036, 1047–1048 (1971). To illustrate this point, one need only consider the three most common real estate tax deductions: real property taxes, mortgage interest and depreciation. With regard to taxes, ordinary real property owners may deduct the property taxes they pay. 26 U.S.C. § 164(a)(1). In the past, co-op owners had argued that they should be allowed to take as a deduction their proportionate share of the cooperative's property taxes, relying upon the analogy of their position as shareholders to that of real property owners—*viz.,* that they in effect owned their apartments. As the plaintiffs point out, this analogy was routinely rejected by not only the IRS, but by the courts. "[T]axes were the direct obligations of the building corporation which owned the apartment house, and were merely paid by the [tenant-stockholder] for and in its behalf. * * * In the circumstances disclosed, the payments are not allowable deductions from the gross income of the [tenant-stockholder]." *Holden v. Commissioner,* 27 B.T.A. 530, 538, 1933 WL 188 (1933). *See also Wood v. Rasquin, supra,* at 213 (rejecting the tenant-stockholder's "substance over form" argument, holding that taxes were not deductible by tenant-stockholder because they were the responsibility of the cooperative corporation; even though the tenant-stockholder paid the taxes, they were paid to the corporation, not to the city or to the mortgagee). Congress responded via section 216, but not by altering the way in which the rest of the Code treated real property. In short, shares still do not equate to real property.

With regard to mortgage interest, the same problems were confronted by tenant-stockholders who tried to take this type of deduction. *See Wood v. Rasquin, supra,* at 213:

T.C. 959, 1978 WL 3372 (1978); *Matheson v. Commissioner,* 74 T.C. 836, 1980 WL 4565 (1980).

**9.** Other courts have noted that the earliest consideration given to enacting a provision such as section 216 probably occurred in 1928. A Senate committee deleted this type of provision from the House version of the Revenue Bill of 1928, based upon a fear of tax avoidance and discrimination against ordinary renters. In 1937 the United States District Court for the Eastern District of New York decided that the general provisions of the Code did not support the deduction

of interest and taxes by cooperative stockholders and that, if the benefit of these deductions were to be passed through to the stockholders, specific legislation would be necessary. *Wood v. Rasquin,* 21 F.Supp. at 213. "Thereafter the interest in obtaining the enactment of relief legislation was renewed, and over the objection of the Treasury Department the predecessor of section 216 was added by the Senate to the Revenue Bill of 1942 and enacted into law." *Park Place, Inc. v. Commissioner,* 57 T.C. 767, 774, 1972 WL 2472 (1972).

"I can find no case that supports the [taxpayers'] contention, but it seems to me that the decisions of the Board of Tax Appeals and of the court supports the defendant's contention that the amounts paid by the [taxpayers], which represented the proportionate taxes and interest, were not properly deductible by the [taxpayers]."

Again, the approach of Congress was to maintain the distinction between apartments owned by cooperative corporations and owner-occupied dwelling units, but to allow a discrete deduction to the former to mirror the latter.

With respect to depreciation, one need only refer to the case of *Lake Forest, Inc. v. Commissioner,* Nos. 77061, 81891, (1963 WL 425) (Tax Ct.1963) (memorandum opinion), for a discussion of the tenant-stockholders' entitlement *vel non* to a deduction for depreciation of the buildings they occupied. The answer again was in the negative. And, again, it has been only through specific legislation that cooperative tenant-stockholders were placed in the same position as owners of real property with respect to a tax matter. Without such specific legislation they have consistently been denied their requested analogy of shares to real property.

This case presents no compelling reason to ignore this historical, legislative, jurisprudential and administrative distinction. This Court will not do what Congress itself has declined to do—*viz.,* eliminate the distinctions between the two forms of ownership simply because the distinction now works to the detriment of the tax collector. This case also presents no compelling reason to allow the Commissioner to exercise the congressional prerogative of amending the Code, as Congress did when it enacted section 216.

■ While this Court believes that the above discussion entirely forecloses the defendant's motions, it should also be noted that, to the extent that it makes alternative arguments beyond whether or not the rent charged was fair and whether or not the venture was a profit-making endeavor—*i.e.,* that a fair rent is irrelevant because this was a family arrangement—, this Court rejects these on the additional ground that they were not presented in the defendant's FRCvP 50(a) motion and thus were not properly preserved. "[A] party is not entitled to judgment n.o.v. on any ground that he has not raised in a motion for a directed verdict * * * and the directed verdict motion must have 'state[d] the specific grounds therefor,' Fed.R.Civ.P. 50(a)." *Smith v. Lightning Bolt Productions, Inc.,* 861 F.2d 363, 367 (2d Cir.1988). The entirety of the defendant's original motion was based, in one form or another, upon the issue of fair rental. Even if section 280A was applicable (it is not), the defendant's argument based upon section 280A(d)(2)(A) (limitation on deductions imposed when family member uses dwelling unit), was not preserved in its earlier motion.[10] Thus, the defendant's motion for a judgment as a matter of law will be denied.[11]

The defendant's motion for a new trial will also be denied. It claims that the verdict was against the weight of the evidence. The United States Court of Appeals for the Second Circuit Court has stated, however, that the grant of a new trial based on the weight of the evidence should be reserved for those occasions where the jury's verdict was "egregious." *Dunlap–McCuller v. Riese Organization,* 980 F.2d 153, 158 (2d Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 290, 126 L.Ed.2d 239 (1993). As stated above, it was not. The motion will be denied.

---

**10.** The defendant claims that this provision forecloses the deductions taken because the plaintiffs have failed to carry their burden in establishing that they entered into a "shared equity financing agreement." *See* 26 U.S.C. § 280A(d)(3). This illustrates why an FRCvP 50(b) motion must be limited to the specific grounds of the FRCvP 50(a) motion—otherwise the non-moving party would be unable to "parry the thrust" of the moving party by curing deficiencies in or augmenting his, her or its case to avoid being "blind-

sided" by the presentation of new arguments or legal theories in the 50(b) motion. *Smith v. Lightning Bolt Productions, Inc.,* 861 F.2d at 367.

**11.** To be perfectly clear, this Court must also reject the government's request for judgment with regard to the negligence issue. Because the jury reasonably concluded as it did, it cannot rationally be argued that the plaintiffs were negligent when they took the deductions.

Accordingly, it is hereby **ORDERED** that the defendant's motion for judgment as a matter of law is denied in its entirety and its motion for a new trial is denied.