**Lauren OSTROW and Joseph Teiger, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**Docket No. 05–0261AG.**

United States Court of Appeals, Second Circuit.

Argued: Nov. 15, 2005.

Decided: Nov. 22, 2005.

Ira Z. Kevelson, Law Offices of Ira Z. Kevelson, New York, NY, for Petitioner–Appellant.

Mary R. Pelletier, Attorney, Tax Division, United States Department of Justice (Eileen O'Connor, Assistant United States Attorney, Jonathan S. Cohen, Attorney, Tax Division, on the brief), Washington, D.C., for Respondent–Appellee.

Before: STRAUB and RAGGI Circuit Judges, RAKOFF, District Judge.*

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

STRAUB, Circuit Judge.

Petitioners Lauren Ostrow and Joseph Tieger are tenant-stockholders of a cooperative housing corporation in New York, New York. On their joint income tax return for the year 2001, the petitioners deducted $10,489.00 from their adjusted gross income; that amount represented their proportionate share of real estate taxes incurred by the housing cooperation. Such a deduction is generally allowed pursuant to Internal Revenue Code ("I.R.C.") § 216 (26 U.S.C. § 216), as explained below. The petitioners, however, also included this deduction in computing their alternative minimum taxable income ("AMTI").[1] The Internal Revenue Service ("IRS") issued a statutory notice of deficiency, asserting that the section 216 deduction was not allowed for AMTI purposes. The petitioners challenged this determination in the United States Tax Court (John O. Colvin, *Judge*). The Tax Court held in favor of the IRS, and this appeal timely followed.

 "We review the legal conclusions of the tax court *de novo* and its factual findings under the clearly erroneous standard." *Merrill Lynch & Co. v. Comm'r*, 386 F.3d 464, 469 (2d Cir.2004). This appeal presents a purely legal issue that has not been decided by this Court or any other court of appeals: whether a tenant-stockholder's deduction pursuant to I.R.C. § 216 is disallowed for alternative minimum tax ("AMT") purposes. We agree with the Tax Court that under the plain language of the statutory scheme—and 26 U.S.C. § 56(b)(1)(A)(ii) in particular—the deduction is not allowed in computing AMTI.

The statutory scheme and relevant provisions are as follows. Section 164(a)(1) of the I.R.C. provides that, subject to certain

limitations, a taxpayer may deduct from adjusted gross income "[s]tate and local, and foreign, real property taxes" paid or incurred during the taxable year. 26 U.S.C. § 164(a)(1). Unlike homeowners, who incur and pay their real estate taxes directly, tenant-stockholders of a housing corporation, through their rent, indirectly pay real estate taxes incurred by the corporation. Under the general rule that a deduction may be taken only by the individual paying the tax, courts had not allowed tenant-stockholders to take the section 164 deduction. *See Wood v. Rasquin*, 21 F.Supp. 211, 213 (E.D.N.Y.1937), *aff'd mem.*, 97 F.2d 1023 (2d Cir.1938); *Holden v. Comm'r*, 27 B.T.A. 530, 538 (1933). In response to these court rulings, Congress enacted a special deduction for tenant-stockholders. *See Holmes v. United States*, 85 F.3d 956, 960 (2d Cir.1996). This deduction is currently codified as I.R.C. § 216, which provides in pertinent part:

(a) **Allowance of deduction.** In the case of a tenant-stockholder (as defined in subsection (b)(2)), there shall be allowed as a deduction amounts (not otherwise deductible) paid or accrued to a cooperative housing corporation within the taxable year, but only to the extent that such amounts represent the tenant-stockholder's proportionate share of-

(1) the real estate taxes allowable as a deduction to the corporation under section 164 which are paid or incurred by the corporation on the houses or apartment building and on the land on which such houses (or building) are situated[.]

26 U.S.C. § 216. We have thus stated that section 216 "permits shareholders to deduct ... real estate taxes." *Holmes*, 85 F.3d at 960. For purposes of computing

---

**1.** The alternative minimum tax is imposed pursuant to 26 U.S.C. §§ 55–59.

one's AMTI, however, I.R.C. § 56 disallows deductions "for any taxes described in paragraph (1), (2), or (3) of section 164(a)." 26 U.S.C. § 56(b)(1)(A)(ii).[2]

Thus the precise question is whether a section 216 deduction is a deduction for "taxes described in . . . section 164(a)." Although section 56(b) does not expressly refer to section 216, we agree with the Tax Court that section 216(a)(1) provides a deduction for tenant-stockholders' share of real estate taxes, which are "taxes described in" section 164(a). The petitioners' argument for allowing the deduction would be stronger if section 56 restricted only "*deductions under* section 164(a)." *Cf.* 26 U.S.C. § 67(b)(2) (defining miscellaneous itemized deductions as deductions other than "the deduction under section 164"). But the "taxes described in" language is broader and, under a plain and ordinary meaning, applies to deductions for real estate taxes, whether the deduction is taken for the direct payment of such taxes (section 164) or the indirect payment of those taxes (section 216).[3] That other provisions of the Tax Code may treat sections 164 and 216 distinctly does not alter our interpretation of the language of section 56(b).

Our reading of the text is confirmed by the undisputed purpose of section 216 "to give tenant-stockholders of housing cooperatives the same tax deductions as are allowed to homeowners." *Eckstein v. United States*, 196 Ct.Cl. 644, 452 F.2d 1036, 1047 (Cl.Ct.1971) (citing legislative history). This rationale, first, confirms that section 216(a)(1) deductions are for the same kind of taxes described in, and deductible under, section 164(a)(1). *See id.* (explaining that section 216 operates by, in effect, "disregarding the corporate entity . . . and 'passing through' these [real estate tax] deductions to the tenant-stockholders, as if they were the 'owners' "); *see also Holmes*, 85 F.3d at 960. Second, this equal-treatment rationale suggests that tenant-shareholders' real estate tax deductions should be disallowed for AMT purposes, just as homeowners' real estate tax deductions are disallowed.

We have carefully considered all of the petitioners' remaining arguments and find them to be without merit.

---

2. Section 56 of the Internal Revenue Code provides, in pertinent part:

(b) **Adjustments applicable to individuals.** In determining the amount of the alternative minimum taxable income of any taxpayer (other than a corporation), the following treatment shall apply (in lieu of the treatment applicable for purposes of computing the regular tax):

(1) Limitation on deductions.—

(A) In general.—No deduction shall be allowed—

(i) for any miscellaneous itemized deduction (as defined in section 67(b)), or

(ii) for any taxes described in paragraph (1), (2), or (3) of section 164(a).

Clause (ii) shall not apply to any amount allowable in computing adjusted gross income.

26 U.S.C. § 56. Although the petitioners listed their section 216 deduction as a "miscellaneous itemized deduction," the section 216 deduction is *not* a miscellaneous itemized deduction as defined under I.R.C. § 67(b). *See* 26 U.S.C. § 67(b)(12). Thus I.R.C. § 56(b)(1)(A)(i) does not provide a basis for disallowing the petitioner's deduction.

3. The petitioners repeatedly argue that section 216 provides a deduction for "rent," rather than real estate taxes. This argument is futile. Section 216(a) unambiguously allows a deduction only to the extent that rent payments reflect the tenant-stockholders' proportionate share of "the real estate taxes . . . incurred by the corporation." 26 U.S.C. § 216(a)(1). Because the real estate taxes incurred by the corporation are *"taxes described in"* section 164, it is plain that the section 216 deduction may not be used in computing AMTI. *Id.* § 56(b)(1)(A)(ii) (emphasis added).

For the above-stated reasons, we AFFIRM the judgment of the Tax Court.